UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Charles and Theresa Moore,<br><br>     Plaintiffs,<br>v.<br><br>Conn Appliances, Inc.,<br><br>     Defendant. | Civil Action No.: 4:16-cv-1014<br><br>**COMPLAINT**<br>**JURY** |

For this Complaint, Plaintiffs, Charles and Theresa Moore, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. (the "TCPA").

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

3. Plaintiff, Charles Moore ("Charles"), is an adult individual residing in New Iberia, Louisiana, and is a "person" as defined by 47 U.S.C. § 153(39).

4. Plaintiff, Theresa Moore ("Theresa", and together with Charles hereinafter referred to as "Plaintiffs"), is an adult individual residing in New Iberia, Louisiana, and is a "person" as defined by 47 U.S.C. § 153(39).

5. Defendant, Conn Appliances, Inc. ("Conn"), is a Texas business entity with an address of 4055 Technology Forest Boulevard, Suite 210, The Woodlands, Texas, and is a "person" as defined by 47 U.S.C. § 153(39).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

6. In or around April 2015, Conn began calling Charles' cellular telephone, number 337-XXX-5366, and Theresa's cellular telephone, number 337-XXX-8311, using an automatic telephone dialing system ("ATDS" or "predictive dialer").

7. When Plaintiffs answered calls from Conn, they heard silence before being connected to a live representative.

8. Theresa never provided her cellular telephone number to Conn and never provided her consent to receive automated calls.

9. In addition, in or around April 2015 Charles demanded that the calls to his cellular telephone number cease.

10. Nevertheless Conn continued to place automated calls to Charles' cellular telephone number.

## COUNT I
## VIOLATIONS OF THE TCPA –
## 47 U.S.C. § 227, *et seq.*

11. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

12. At all times mentioned herein, Defendant called Plaintiffs' cellular telephone numbers using an ATDS or predictive dialer.

13. In expanding on the prohibitions of the TCPA, the Federal Communications Commission ("FCC") defines a predictive dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will

2

answer the phone and a [representative] will be available to take the call…" *2003 TCPA Order*, 18 FCC 36 Rcd 14022. The FCC explains that if a representative is not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration." *Id*. In addition, the TCPA places prohibitions on companies that "abandon" calls by setting "the predictive dialers to ring for a very short period of time before disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned." *Id*.

14. Defendant's telephone system(s) have some earmarks of a predictive dialer. When Plaintiffs answered calls from Defendant, they heard silence before Defendant's telephone system would connect them to the next available representative.

15. Upon information and belief, Defendant's predictive dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

16. The telephone numbers called by Defendant were assigned to a cellular telephone service pursuant to 47 U.S.C. § 227(b)(1).

17. The calls from Defendant to Plaintiffs were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

18. Plaintiffs are entitled to an award of $500.00 in statutory damages for each call made in negligent violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

19. Plaintiffs are entitled to an award of treble damages in an amount up to $1,500.00 for each call made in knowing and/or willful violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that judgment be entered against Defendant:

1. Statutory damages of $500.00 for each violation determined to be negligent

      pursuant to 47 U.S.C. § 227(b)(3)(B);

2. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C); and

3. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: April 14, 2016

          Respectfully submitted,

          By: /s/ Jenny DeFrancisco

          Jenny DeFrancisco, Esq.
          CT Bar No.: 432383
          LEMBERG LAW LLC
          A Connecticut Law Firm
          43 Danbury Road
          Wilton, CT 06897
          Telephone: (203) 653-2250
          Facsimile: (203) 653-3424